# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 13, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TONY L. ADKINS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0358**  (BOR Appeal No. 2046419)
                    (Claim No. 2009057620)

**A T MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tony L. Adkins, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A T Massey Coal Company, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 17, 2012, in which the Board affirmed a September 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 21, 2010, decision granting Mr. Adkins no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins worked as a mechanic for A T Massey Coal Company. On August 25, 2008, Mr. Adkins was standing on a pedestal removing a steel screen. He then jumped off the pedestal and injured his cervical spine. He was initially diagnosed with a neck strain and his claim was held compensable for this condition. The claims administrator later added herniation of a cervical disc as a compensable condition of the claim. The claims administrator then granted Mr. Adkins an 8% permanent partial disability award on June 29, 2009, based on an evaluation by Dr. Loimil. But on September 21, 2010, the claims administrator denied Mr. Adkins an additional

1

permanent partial disability award. The claims administrator's decision was based on the assessment of Dr. Mukkamala who evaluated Mr. Adkins under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and placed his injuries within Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006) for an 8% whole person impairment rating. Dr. Mukkamala found no motor or sensory deficits. Following the claims administrator's decision, Mr. Adkins was evaluated by Dr. Guberman who found evidence of left side radicular symptoms including atrophy of the left arm, weakness in the left arm, and sensory and reflex abnormalities. Dr. Guberman evaluated Mr. Adkins under the American Medical Association's *Guides* and placed him in Cervical Category III for an 18% whole person impairment rating. Mr. Adkins was then evaluated by Dr. Bachwitt who placed him in Category II for a 5% whole person impairment rating. Dr. Bachwitt also found no signs of radiculopathy but found that Mr. Adkins had pre-existing degenerative changes in his cervical spine. Dr. Bachwitt also criticized Dr. Guberman's opinion and found that Mr. Adkins had no neurological deficits. Finally Mr. Adkins was evaluated by Dr. Mir who placed him in Cervical Category II for an 8% whole person impairment rating. Dr. Mir also found no neurological deficits which would place Mr. Adkins in a higher impairment category. On September 23, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on February 17, 2012, leading Mr. Adkins to appeal.

The Office of Judges concluded that Mr. Adkins's cumulative permanent impairment related to the injury of August 25, 2008, remained at 8%. The Office of Judges found that Mr. Adkins was entitled to no additional permanent partial disability above the initial 8% that he was granted by the claims administrator's June 29, 2009, decision. The Office of Judges found that among the four separate impairment evaluations in the record only Dr. Guberman placed Mr. Adkins within Cervical Category III. The Office of Judges found that all the other evaluators had placed Mr. Adkins's cervical impairment within Category II. The Office of Judges found that Dr. Guberman's recommendations lacked the support of credible evidence and that the remainder of the record showed that Mr. Adkins had no more than 8% impairment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Adkins has not demonstrated that he is entitled to a greater than 8% permanent partial disability award in relation to his August 25, 2008, injury. Mr. Adkins has been fully compensated by his prior permanent partial disability award. Although the report of Dr. Guberman states that Mr. Adkins's injury placed him in Cervical Category III of West Virginia Code of State Rules § 85-20-E for an 18% impairment, Dr. Guberman's report is contradicted by the reports of Dr. Bachwitt and Dr. Mir. Dr. Guberman was the only evaluator who found evidence of atrophy, weakness, and sensory deficits. But Dr. Mir could not find any focal neurological deficits which would place Mr. Adkins in a higher impairment category. The remaining evaluations in the record consistently demonstrate that Mr. Adkins's impairment fits within Cervical Category II of West Virginia Code of State Rules § 85-20-E and that he has no greater than 8% impairment. The Office of Judges was within its discretion in not relying on the report of Dr. Guberman.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **December 13, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, disqualified